Raymond W. Martin
Wyoming Bar No. 5-2384
Sundahl, Powers, Kapp & Martin, L.L.C.
1725 Carey Avenue
P.O. Box 328
Cheyenne, WY  82003-0328
(307)632-6421
(307)632-7216 facsimile
rmartin@spkm.org
*Attorney for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 DEC 26  AM 9 21

STEPHAN HARRIS, CLERK
CHEYENNE

**STATE OF WYOMING** )
) SS:
**COUNTY OF CARBON** )

**IN THE DISTRICT COURT**

**SECOND JUDICIAL DISTRICT**

Civil Action No.: CV-13-207

ACE AMERICAN INSURANCE COMPANY;
XL INSURANCE AMERICA, INC.;
BERKSHIRE HATHAWAY INTERNATIONAL INSURANCE
LTD., CATLIN UNDERWRITING AGENCIES LTD.,
GREAT LAKES REINSURANCE (UK) PLC, and
SWISS RE INTERNATIONAL SE, UK BRANCH
EACH SUBSCRIBING TO CONTRACT NO. E1035911(1);
ALLIANZ GLOBAL RISKS US INSURANCE COMPANY;
TALBOT UNDERWRITING SERVICES (US) LTD.;
NATIONAL UNION FIRE INSURANCE COMPANY OF
PITTSBURGH PENNSYLVANIA; LEXINGTON INSURANCE
COMPANY; GENERAL SECURITY INDEMNITY COMPANY
OF ARIZONA; TORUS NATIONAL INSURANCE COMPANY;
and NAVIGATORS MANAGEMENT COMPANY, INC., on
behalf of MILLENNIUM SYNDICATE at LLOYD'S 1221 (85%)
and PEMBROKE SYNDICATE at LLOYD'S 4000 (15%),
as subrogees of The Sinclair Companies, Inc., and
THE SINCLAIR COMPANIES, INC.,

13CV281

        Plaintiffs,

vs.

NAES POWER CONTRACTORS, INC., a Washington
corporation,

        Defendant.

---

### AMENDED COMPLAINT

Plaintiffs, ACE AMERICAN INSURANCE COMPANY, XL INSURANCE AMERICA,

INC., BERKSHIRE HATHAWAY INTERNATIONAL INSURANCE LTD, CATLIN

UNDERWRITING AGENCIES LTD., GREAT LAKES REINSURANCE (UK) PLC, and

SWISS RE INTERNATIONAL SE, UK BRANCH EACH SUBSCRIBING TO CONTRACT

NO. E1035911(1), ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, TALBOT

UNDERWRITING SERVICES (US) LTD., NATIONAL UNION FIRE INSURANCE

COMPANY OF PITTSBURGH PENNSYLVANIA, LEXINGTON INSURANCE COMPANY,

GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, TORUS NATIONAL

INSURANCE COMPANY, and NAVIGATORS MANAGEMENT COMPANY, INC. on behalf of MILLENNIUM SYNDICATE at LLOYD'S 1221 (85%) and PEMBROKE SYNDICATE at LLOYD'S 4000 (15%), (collectively "the Insurers"), as subrogees of The Sinclair Companies, Inc. ("Sinclair"), and THE SINCLAIR COMPANIES, INC., by and through their attorneys, Sundahl, Powers, Kapp & Martin, LLC, and for their Amended Complaint against Defendant, NAES POWER CONTRACTORS, INC., state and allege as follows:

## PARTIES

1.      Plaintiff ACE American Insurance Company is a Pennsylvania Corporation, with its principal place of business in Pennsylvania.  At all pertinent times herein, it was duly authorized to conduct and transact business in the State of Wyoming.

2.      XL Insurance America, Inc., is a Delaware corporation with its principal place of business in Stamford, Connecticut. At all pertinent times herein, it was duly authorized to conduct and transact business in the State of Wyoming.

3.      Berkshire Hathaway International Insurance, Ltd., Catlin Underwriting Agencies Ltd., Great Lakes Reinsurance (UK) PLC, and Swiss Re International SE, UK Branch each Subscribing to Contract No. E1035911(1)  are a series of insurance entities issuing property and business interruption insurance coverage in the State of Wyoming.

4.      Allianz Global Risks US Insurance Company is a California corporation with its principal place of business in Burbank, California. At all pertinent times herein, it was duly authorized to conduct and transact business in the State of Wyoming.

5.      Talbot Underwriting Services (US) Ltd., is a Delaware corporation with its principal place of business in New York, New York. At all pertinent times herein, it was duly authorized to conduct and transact business in the State of Wyoming.

6.      National Union Fire Insurance Company of Pittsburgh Pennsylvania is a Pennsylvania corporation with its principal place of business in New York, New York. At all pertinent times herein, it was duly authorized to conduct and transact business in the State of Wyoming.

7.      Lexington Insurance Company is a Delaware corporation approved as a surplus lines insurance carrier in the State of Wyoming.

8.      General Security Indemnity Company of Arizona is an Arizona Corporation, with its principal place of business in New York. At all pertinent times herein, it was duly authorized

to conduct and transact business in the State of Wyoming.

9.     Torus National Insurance Company is a Delaware corporation with its principal place of business in Jersey City, New Jersey. At all pertinent times herein, it was duly authorized to conduct and transact business in the State of Wyoming.

10.    Navigators Management Company, Inc. on behalf of Millennium Syndicate at Lloyd's 1221 (85%) and Pembroke Syndicate at Lloyd's 4000 (15%).  Navigators Management Company, Inc. is a New York corporation authorized to conduct and transact business in the State of Wyoming.

11.    At all pertinent times herein, the Insurers insured Sinclair against business interruption arising out of damages to its property, including its refinery in Rawlings, Wyoming (the "Refinery").

12.    The Sinclair Companies Inc. is a Wyoming Corporation with its principal place of business in Salt Lake City, Utah.

13.    Upon information and belief, Defendant NAES Power Contractors, Inc. is a Washington corporation with its principal place of business in Issaquah, Washington, doing business or authorized to do business in the State of Wyoming.

## JURISDICTION AND VENUE

14.    Jurisdiction is proper based upon this Court's general jurisdiction.

15.    Venue is proper in this Court because the events giving rise to this action occurred in Carbon County, Wyoming.

16.    The amount of damages sought exceed the jurisdictional minimum of this Court.

## FACTUAL ALLEGATIONS

17.    This action arises out of a business interruption and property damage loss at the Refinery.

18.    On January 22, 2011, the Refinery suffered a power outage.

19.    The power outage occurred as a result of a failure at the Rocky Mountain Power Platte Substation, which provides electrical power to the Refinery.

20.    The power outage triggered a sequence of events that caused a hydraulically operated valve to remain open resulting in the electrostatic precipitator to catch fire rendering both it and the adjacent Fluid Catalytic Cracking Unit unusable.

21.    The fire spread causing significant property damage at the Refinery.

22.     Prior to the power outage and resulting fire, Sinclair entered into a Master Electric Service and Facilities Improvement Agreement with Rocky Mountain Power to upgrade the Platte Substation. The upgrade is known as the "Ring Bus Project."

23.     The purpose of the Ring Bus Project was to improve the Platte Substation's reliability and prevent power outages at the Refinery.

24.     Upon information and belief, NAES Power Contractors, Inc. was the contractor hired to construct the upgrade at the Platte Substation and was responsible for post-construction testing to ensure the upgrades to the Ring Bus Project were adequate.

25.     Upon information and belief, the power outage occurred after a current transformer in a differential current circuit at the Platte Substation failed when it became saturated at voltages below 100V with a pickup set to 150V.

26.     The current transformers at the Platte Substation were not changed out during the upgrade of the Ring Bus Project.

27.     Upon information and belief, the current transformers were not suitable for the upgraded application.

28.     Upon information and belief, Defendant failed to perform a design review of the proposed Ring Bus Project and the existing Ring Bus which would have alerted it to the need for suitable current transformers.

29.     Had the component parts of the Ring Bus Project and the existing Ring Bus been tested prior to commissioning the newly installed ring bus equipment, the flaw of the current transformer saturation would have been discovered.

30.     The resulting power outage and fire caused Sinclair to experience significant property and business interruption losses.

31.     As a result of the loss, Sinclair made a claim under the policies, and under the policies' terms, the Insurers made payments in the amount of $25,872,090.96 to Sinclair.

32.     Sinclair suffered an uninsured business interruption loss of $21,447,688.00.

33.     In addition, Sinclair suffered uninsured property damage in the amount of $8,231,291.00.

34.     As a result of the payments to Sinclair, the Insurers by operation of law and contract became subrogated to Sinclair's rights of recovery against Defendant NAES Power Contractors, Inc.

## FIRST CAUSE OF ACTION

### Negligence

35.     Plaintiffs incorporate by reference Paragraphs 1 through 34 of this Complaint as though fully set forth herein.

36.     At all pertinent times herein, Defendant NAES Power Contractors, Inc., through its agents and employees, acting in the scope of their employment, owed Plaintiffs a duty of care to perform its services in a skillful, workmanlike, prudent, and non-reckless manner, complying with the standard of care reasonably expected of a contractor.

37.     Defendant NAES Power Contractors, Inc. was under an obligation of due care, owed to Plaintiffs, to observe all applicable statues, codes, protocols, regulations, policies, and procedures and to meet industry standards in performing the construction.

38.     Defendant NAES Power Contractors, Inc. breached its duties to Plaintiffs when it failed to use ordinary care and follow the applicable standard of care when performing its services, including, but not limited to the following:

a.     Failing to perform construction at the Platte Substation in a reasonable and skillful manner;

b.     Failing to change out the current transformers to a recommended design during the upgrade application;

c.     In failing to conduct a review of the proposed Ring Bus Project and its relationship to the existing Ring Bus;

d.     Failing to properly inspect and test the upgraded application for flaws;

e.     Failing to recognize and evaluate the likelihood of a power outage by failing to upgrade the current transformers to meet the requirements of the upgraded application;

f.     Failure to comply with the all applicable industry standards while performing the upgrade;

g.     Negligently delegating, hiring, and/or supervising the workmanship and safety of the services performed by its agents and employees;

h.     Failing to take other reasonable precautions to prevent loss and damage to Sinclair; and

i.     Any other acts and omissions that become known during the course of discovery.

39.     As a direct and proximate result of Defendant NAES Power Contractors, Inc.'s negligence, Plaintiffs sustained extensive damages.

## SECOND CAUSE OF ACTION

### Breach of Implied Warranty of Workmanlike Performance

40.   Plaintiffs incorporate by reference Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.   Defendant NAES Power Contractors, Inc. impliedly warranted that its work would be performed in a skillful, careful, diligent, and workmanlike manner.

42.   Defendant NAES Power Contractors, Inc. breached its implied warranty as set forth in Paragraph 38 of this Complaint.

43.   Plaintiffs are entitled to recover damages for all the damages proximately caused by this breach of the implied warranty that the work would be performed in a skillful, careful, diligent, and workmanlike manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court award to Plaintiffs a judgment against Defendant NAES Power Contractors, Inc. in an amount to be proven at trial, together with costs, interest, expenses, fees, and any other relief this Court deems just and appropriate.

Dated this 19th day of December, 2013.

Raymond W. Martin, WY Bar #5-2384
Sundahl, Powers, Kapp & Martin, LLC
Attorneys for Plaintiffs
1725 Carey Avenue
Cheyenne, WY 82001
307-632-6421
307-632-7216 (fax)